UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRENT E. WOODFIELD, M.D. and<br>LISA W. WOODFIELD,<br><br>       Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-12483-NMG<br>)<br>)<br>)<br>) |

**MEMORANDUM OF THE UNITED STATES**
**IN SUPPORT OF THE MOTION TO DISMISS**

**INTRODUCTION**

The United States submits this memorandum in support of its motion to dismiss for lack of subject matter jurisdiction. As more fully explained below, the complaint should be dismissed for four reasons, each of which is founded upon the principle of sovereign immunity. First, the claims are barred by the governing statute of the limitations at 28 U.S.C. § 2401(b). Second, the complaint fails to allege "circumstances where the United States, if a priate person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," within the meaning of 28 U.S.C. § 1346(b)(1). Third, the claims are barred by the discretionary function exception at 28 U.S.C. § 2680(a). Finally, there is no waiver of sovereign immunity for constitutional claims for damages against the United States.

**STATEMENT OF FACTS**

The allegations of the complaint, construed in the light most favorable to the plaintiff, are as follows. This suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), & 2671 *et. seq.*, arises out of an allegedly negligent investigation conducted by the Department of Health

and Human Services' Office for Civil Rights ("OCR"). Complaint at Introduction.

The plaintiffs are Brent E. Woodfield, M.D., and his wife, Lisa W. Woodfield. Complaint ¶ 1. An individual who believes that he or she has been subjected to discrimination on the basis of disability by a public entity may file a complaint with OCR. See 28 C.F.R § 35.170(a)-(c). On or about October 20, 1993, Dr. Woodfield filed a complaint with OCR alleging that the Idaho State Board of Medicine violated the Americans with Disabilities Act (ADA) when it initiated certain actions against Dr. Woodfield that led to the revocation of his license to practice medicine and perform surgeries in the State of Idaho. Complaint ¶ 5. On or about October 1994, OCR issued a twenty-one (21) page Letter of Finding to Dr. Woodfield in which OCR's Region 10 (Seattle) office concluded that the Board had not illegally discriminated against Dr. Woodfield. Complaint ¶ 10. Dr. Woodfield appealed the regional office's decision to OCR's headquarters in Washington, D.C. Complaint ¶ 34. On May 2, 1997, OCR headquarters issued a final decision affirming Region 10's decision and informing Dr. Woodfield of its plans to take no further action on his complaint. Complaint ¶ 35. In this final letter, OCR stated:

> We have considered your request for administrative review of the decision of our Seattle Regional Office in the above referenced complaint. We have determined that your letters of challenge fail to provide any substantive information which would alter the decision made in your case. Accordingly, we affirm the decision of our regional office and will take no further action in your complaint.

See Exhibits to Complaint at bates no. 00062.

Four years later, in the summer of 2001, Dr. Woodfield made numerous inquires of OCR, including a Freedom of Information Act (FOIA) request, regarding the investigation of his complaint by OCR. On August 31, 2001, the Department of Health and Human Services and

OCR informed Dr. Woodfiled by e-mail that he had received all of the documents in response to his FOIA request. On September 3, 2001, Dr. Woodfield responded by e-mail, as follows:

> Thanks. After almost six years trying to get to this point, I should say something profound, but I am at a loss for words. I am glad this FOIA request/response if finally over. What a mess! It looks like the OCR investigation record that is lost is well preserved at the Idaho Board of Medicine!

See Exhibit 1.[1]

On December 3, 2003, plaintiffs filed a claim for damages to the Department of Health and Human Services by submitting a Standard Form 95. Complaint ¶ 76. The plaintiffs' claim was based on OCR's alleged negligent investigation of Dr. Woodfield's original complaint in 1993 to OCR. The Department of Health and Human Services had not completed its review of the claim when the plaintiffs filed this action on November 24, 2004. Complaint ¶ 77.

The plaintiffs' present complaint alleges various omissions in the investigative measures that the OCR agents undertook and presents eight counts against the United States. Complaint ¶¶ 15-94. Counts I and II allege negligence by the United States of America for not properly investigating Dr. Woodfield's complaint against the Idaho State Board of Medicine properly. Complaint ¶¶ 79 & 82. Counts III & IV allege negligent infliction of emotional distress on both Dr. Woodfield and his wife for the United States' negligent investigation. Complaint ¶¶ 84 & 85. Counts V & VI allege tortious interference with advantageous or contractual relationship based on the United States' negligent investigation. Complaint ¶¶ 87 & 89. Finally, Counts VII

---

[1] The court may consider facts outside the pleadings pursuant to Fed.R.Civ.P. 12(b)(1) without converting this motion into one for summary judgment. See Gonzalez v. United States, 284 F.3d 281, 287 (2002)("The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion."); Heinrich v. Sweet, 44 F.Supp.2d 408, 412 (D. Mass. 1999); and White v. Comm'r of Internal Revenue, 899 F.Supp. 767, 771 (D. Mass. 1995).

& VIII allege violation of the plaintiffs' state and federal civil rights under the United States Constitution and the Massachusetts Civil Rights Act, Chapter 12 §§ 11H through I. Complaint ¶¶ 91 & 94.

### ARGUMENT

**I.      The FTCA Is a Limited Waiver of Sovereign Immunity**

Plaintiffs are unhappy that OCR disagreed with their view that the Idaho State Medical Board violated the Americans with Disabilities Act. As a result, they have sued OCR in tort under the Federal Tort Claims Act (FTCA) for conducting an allegedly negligent investigation. Complaint at Introduction and ¶ 3. In essence, the FTCA grants the federal district courts jurisdiction to hear suits against the United States, which waives its sovereign immunity, only if a claim falls within the six enumerated elements set forth in the statute. See FDIC v. Meyer, 510 U.S. 471, 477 (1994). The FTCA only allows claims that are:

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government, [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Id. (quoting 28 U.S.C. § 1346(b)(1) (bracketed numerals added by Court).

Moreover, the FTCA has a strict statute of limitations. Claims under the FTCA are forever barred unless they are presented in writing to the appropriate federal agency within two years after such claim accrues. See 28 U.S.C. § 2401(b); Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997); Corte-Real v. United States, 949 F.2d 484, 485 (1st Cir.1991). The statute states:

> "(b) A tort claim against the United States shall be **forever barred** unless it is presented

>in writing to the appropriate Federal agency within **two years after such claim accrues** or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

See 28 U.S.C. § 2401(b) (emphasis added).

While the FTCA is a limited waiver of sovereign immunity, that waiver is subject to several express exclusions. 28 U.S.C. § 2680. If a claim meets all of the requirements of 28 U.S.C. § 1346(b)(1), and the case falls within one of the express exclusions from the waiver of sovereign immunity, the district court has no jurisdiction over the case. One of these limitations is the discretionary function exception, which provides that courts have no jurisdiction over claims against the United States "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Decisions to investigate, how to investigate and whether to prosecute generally fall within this exception. See Sutton v. United States, 819 F.2d 1289, 1293 (5th Cir.1987); Smith v. United States, 375 F.2d 243, 247-48 (5th Cir.1967).[2]

## II.     Plaintiffs' Tort Claims Are Barred By the FTCA's Statute of Limitations

The plaintiffs' tort claims are forever barred because they were not presented in writing within two years after they accrued. 28 U.S.C. § 2401(b). Instead, plaintiffs waited more than six years after their appeal was denied by OCR. As admitted in the plaintiffs' complaint, Dr.

---

[2] Another express exclusion from the waiver of sovereign immunity is claims for interference with contractual relations. See 28 U.S.C. 2680(h). The statute states that the FTCA waiver of sovereign immunity does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. See id. (emphasis added). Therefore, any claims for tortious interference with contractual relations must be dismissed.

Woodfield filed his original complaint with OCR on October 20, 1993. Complaint ¶ 5. About a year later, OCR issued a Letter of Finding to Dr. Woodfield in which OCR's Region 10 office concluded that the Board had not illegally discriminated against Dr. Woodfield. Complaint ¶ 10. Dr. Woodfield appealed the regional office's decision to OCR's headquarters in Washington, D.C. Complaint ¶ 34. On May 2, 1997, OCR headquarters issued a final decision affirming the regional office's earlier decision and informing Dr. Woodfield of its plans to take no further action in his complaint. Complaint ¶ 35. At that time, OCR wrote to Dr. Woodfield that "OCR affirm[s] the decision of our regional office and will take no further action in your complaint." See Exhibit to Plaintiffs' Complaint at Bates No. 00062-63.

After receiving OCR's final decision on his complaint, Dr. Woodfield's claims for "negligent investigation" accrued. See United States v. Kubrick, 444 U.S. 111, 120 (1979) (noting a tort claim accrues under the FTCA at the time of a plaintiff's injury); Cascone v. U.S., 370 F.3d 95, 103-04 (1st Cir. 2004) (with the exception of medical malpractice claims, "a tort claim [under the FTCA] accrues at the time of injury); Skwira v. U.S., 344 F.3d 64, 73 (1st Cir. 2003) ("The general rule, within the meaning of the FTCA, is that a tort claim accrues at the time of the plaintiff's injury"). Here, the plaintiffs' injury occurred at the point that OCR completed its investigation and issued its final decision to Dr. Woodfield in 1997. After receiving OCR's final decision, Dr. Woodfield and his wife waited over six years, until December 3, 2005, to file their claim. For that delay, their claims (Counts I through VI) are statutorily barred.[3]

---

[3] Plaintiffs' may suggest that Dr. Woodfield's claims accrued, not when OCR issued its final decision, but when he had learned that OCR's investigation was negligent. Such an argument is dubious, at best. However, Dr. Woodfiled knew his FOIA request was complete on September 3, 2001. See Exhibit 2. At that time, Dr. Woodfield wrote "I am glad this FOIA request/response is finally over." See id. Despite undisputedly having exhausted all avenues to further information, Dr. Woodfield waited over two years to file his Standard Form 95 in

**III.    Plaintiffs Fail to State a Claim Under Washington State Law**

It has long been settled that the liability of the United States under the FTCA arises only when the law of the state would impose it. FDIC v. Meyer, 510 U.S. 471, 477-78 (1994) (Section 1346(b) requires the "law of the place where the act or omission occurred" to be State law); Johnson v. Sawyer, 47 F.3d 716, 727 (5th Cir. 1995). In Feres v. United States, 340 U.S. 135, 141-42 (1950), the Supreme Court explained that the FTCA only accepts liability under circumstances that would bring private liability into existence and does not visit the United States with novel and unprecedented liabilities. See also, Dalehite v. United States, 346 U.S. 15, 18 (1953) (The FTCA "does not create new causes of action where none existed before"). Because the alleged acts of negligence occurred in Washington, it is Washington state law that the Court must look to regarding the viability of plaintiffs' negligence claims. See Davric Maine Corp. v. U.S. Postal Service, 238 F.3d 58, 64 (1st Cir. 2001); Complaint ¶ 2 (admitting the alleged conduct occurred in Washington state).

There is no tort in the State of Washington for negligent investigation. See Stansfield v. Douglas County, 27 P.3d 205, 212 (Wash. Ct. of Appeals 2001) ("In general, a claim for negligent investigation does not exist under the common law of Washington"), quoting, Pettis v. State, 990 P.2d 453, 456 (Wash. Ct. of Appeals 1999); Rodriguez v. Perez, 994 P.2d 874, 877 (Wash Ct. of Appeals 2000) ("Thus, in general, a claim for negligent investigation does not exist under the common law because there is no duty owed to a particular class of persons"); Corbally v. Kennewick School District, 973 P.2d 1074, 1076 (Wash. Ct. of Appeals 1999) ("a claim for negligent investigation is not cognizable under Washington law"). The Washington courts have

---

December 2003.  Therefore, under no possible theory, however convoluted, have plaintiffs met the statute of limitations requirement of the FTCA.

recognized that the tort of negligent investigation would have a "chilling effect" on investigations and have therefore rejected it as a cause of action.[4]  See Pettis, 990 P.2d at 456.

Jurisdiction under the FTCA exists only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b), and plaintiffs have not pointed to an even remotely analogous private liability.  The plaintiffs contend, and their complaint silently suggests, that they bring a common law claim of simple negligence against the United States, which has consistently been recognized as cognizable under the Federal Tort Claims Act.  However, the plaintiffs cannot bring a claim for liability that would otherwise be barred, namely negligent investigation, simply because they reformulate it or characterize it as simple negligence.  The plaintiffs' claim is that OCR negligently carried out its investigation of Dr. Woodfield's complaint.  Such a claim is not recognized in the State of Washington, where the conduct occurred, and therefore, cannot be a basis of liability under the FTCA.  Therefore, plaintiffs' claims (Counts I through VI) are not cognizable under § 1346(b) and must be dismissed.

**IV.    The Discretionary Function Exception to the FTCA Bars Plaintiffs' Claims**

The claim of allegedly "negligent investigation" is barred by the discretionary function exception to the FTCA, which excludes any claim which is "based upon the exercise or

---

[4] The only time a claim for negligent investigation is available in the State of Washington is when a parent or child claims the state conducted a biased or incomplete investigation of child abuse, which resulted in a harmful placement decision by the State.  See Petcu v. State of Washington, 86 P.3d 1234, 1244 (Wash. Ct. of Appeals 2004); Pettis, 990 P.2d at 456-57 (An exception to the common law rule that a claim for negligent investigation does not exist in Washington is "when DSHS investigates child sexual abuse cases involving parents").  Obviously, there is no such claim here.

performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "When a claim is covered by the discretionary function exception, it must be dismissed for lack of subject matter jurisdiction." See Kelly v. United States, 924 F.2d 355, 360 (1st Cir. 1991). See also, Irving v. United States, 909 F.2d 598, 600 (1st Cir. 1990); Loughlin v. United States, 393 F.3d 155, 162 (D.C. Cir. 2004) ("The discretionary function exception is a barrier to subject matter jurisdiction").

A two-part test is used to determine whether the conduct falls within the discretionary function exception. See Ayer v. United States, 902 F.2d 1038, 1042 (1st Cir. 1990). First, the Court must look to the conduct (namely, the method of investigation) and ask "whether the action is a matter of choice for the acting employee." Berkovitz v. United States, 486 U.S. 531, 536 (1988). See United States v. Gaubert, 499 U.S. 315, 322-23 (1991). This requirement of a "discretionary act" is not met if a "federal statute, regulation or policy specifically prescribes a course of action for an employee to follow." See Berkovitz, 486 U.S. at 536. Second, if the challenged conduct involves an element of judgment or discretion, it must be determined whether "that judgment is of the kind that the discretionary function exception was designed to sheild." See Gaubert, 499 U.S. at 322-23.

Here, there is no doubt that the two-pronged test is satisfied. An investigation was conducted, as required by 28 C.F.R. § 35.172. After receiving Dr. Woodfield's complaint, OCR was required to "investigate [the] complaint" and "issue to the complainant . . . a Letter of Findings." See 28 C.F.R. § 35.172. The plaintiffs' complaint does not allege that some investigation by OCR did not take place or that OCR issued an improper Letter of Finding. The

plaintiffs' merely allege that the investigation was negligently conducted. However, the regulations do not mandate the type of investigation to take place, the steps required, or any procedures. Instead, the manner in which the investigation is conducted is left to the judgment of the agency, depending upon its resources and policy objectives.

The second prong of the test is also easily satisfied. The First Circuit has explained that the discretionary function exception "prevent[s] judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Kelly, 924 F.2d 361-62. The First Circuit has explained that "decisions to investigate, or not, are at the core of law enforcement activity," and involve precisely the kind of policy-rooted decision making that the discretionary function exception was designed to safeguard. Id. at 362. "[T]he decisions of how to investigate, who to investigate and how to report evidence to proper authorities are classic examples of discretionary conduct." Hobdy v. United States, 762 F. Supp. 1459, 1461 (D. Kan. 1991), aff'd, 968 F.2d 20 (10th Cir. 1992) (internal quotations and citations omitted). See Sutton v. United States, 819 F.2d 1289, 1293 (5th Cir. 1987) (same); Smith v. United States, 375 F.2d 243, 247-48 (5th Cir. 1967) (same).

Here, the plaintiffs recast their dissatisfaction with the outcome of OCR's findings as an action in tort. To do so here would subject every dissatisfied complainant with an appeal to the District Court as a tort action for "negligent investigation." In this case, OCR issued a comprehensive twenty-one page Letter of Finding. Dr. Woodfield was allowed to appeal administratively, which was rejected. He cannot now come to this Court under the FTCA because he is dissatisfied with the outcome of his administrative appeals. Because there is no allegation or evidence of intentional misconduct, this is essentially a claim that the OCR

investigators failed to adequately perform a discretionary duty, which falls squarely within the discretionary function exception. See Nguyen v. United States, 2003 WL 1922969 **2 (5th Cir. 2003) (unpublished decision). Therefore, plaintiffs claims (Counts I through VI) must be dismissed.[5]

## V.     Plaintiffs' Constitutional and Civil Rights Counts Must Be Dismissed For Lack of Jurisdiction

Plaintiffs, in a desperate attempt to conjure up some cause of action, have alleged that OCR violated the plaintiffs' civil rights (Counts VII & VIII) under the United States Constitution and the Massachusetts Civil Rights Act. See M.G.L.c. 12 § 11I. These claims must be dismissed as well. With respect to plaintiffs' constitutional claims, the Supreme Court has made clear that the FTCA does not permit constitutional torts to be brought against the United States. FDIC v. Meyer, 510 U.S. 477-78; Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000). The plaintiffs constitutional claims cannot stand.[6]

Since in most cases, the jurisprudential difference between the Massachusetts Constitution, and the United States Constitution is slight, the burden falls to the Plaintiff to show why a claim barred by Meyer if brought under the United States Constitution ought to be brought under the Massachusetts Constitution. Baker v. United States, 817 F.2d 560, 62 (9th Cir.1987)

---

[5] Plaintiffs' claims for interference with contractual relations (Counts V and VI) are expressly prohibited under the FTCA. See 28 U.S.C. 2680(h) (FTCA waiver of sovereign immunity does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights) (emphasis added).

[6] To the extent that the plaintiffs' suggest that their constitutional claims fall under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), their claims must be dismissed. Bivens actions can not be maintained when the only defendant is the United States government, and not an individual agent. See FDIC v. Meyer, 510 U.S. 471, 484 (1994).

("[a] party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity").  Otherwise, by the simple expedient of substituting the words Massachusetts Civil Rights Act, Plaintiffs may perform an end run around the holding of Meyer.  See Hastings v. Comm'r of Correction, 424 Mass. 46, 51-52 (1997) (holding that the Massachusetts Declaration of Rights provides the same amount of due process protection as does the United States Constitution).  Moreover, even if the plaintiffs could bring a claim under the FTCA incorporating the MCRA, which is dubious, the plaintiffs' claims in this particular case are barred by the statute of limitations as described above.[7]  Therefore, because Counts VII and VIII violate FDIC v. Meyer and the statute of limitations of the FTCA, those counts must also be dismissed.

---

[7] But see Adedeji v. United States, 782 F.Supp. 688, 689-90 (D. Mass 1992) (allowing FTCA claim incorporating MCRA for the torts of false imprisonment and assault and battery).  The United States disagrees with the decision to incorporate the MCRA into the FTCA.  Nevertheless, at least the Court in Adedeji was able to identify a specific, recognized tort that was committed.  Here, the plaintiffs are unable to identify any specific tort that was violated.

## CONCLUSION

For the forgoing reasons, each independent and compelling, the plaintiffs' complaint must be dismissed for lack of subject matter jurisdiction.

>Respectfully submitted,
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:   /s/ Jeffrey M. Cohen
>JEFFREY M. COHEN
>Assistant U.S. Attorney
>John Joseph Moakley U. S. Courthouse
>One Courthouse Way, Suite 9200
>Boston, Massachusetts 02210
>(617) 748-3100

Dated: March 9, 2005

### CERTIFICATION UNDER L.R. 7.1

I, Jeffrey M. Cohen, Assistant United States Attorney, do hereby state that on March 9, 2005, I spoke with Attorney Anthony Bott and informed him that the United States would file this motion.

>  /s/ Jeffrey M. Cohen
>Jeffrey M. Cohen
>Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I certify that on March 9, 2005, I caused a copy of the foregoing Motion to be served on Plaintiffs by first class mail, postage pre-paid to Anthony R. Bott, Eight Beach Road, P.O. Box 1137, East Orleans, MA 02643.

>  /s/ Jeffrey M. Cohen
>Jeffrey M. Cohen
>Assistant U.S. Attorney

To: Caroline Chang@OCR@SEATTLE
From: Dolores Braun@OCR@SEATTLE
Certify: N
Priority: Normal
Subject: Fwd: Re: Freedom of Information Act: Case No. 98-681MP
Date: Wednesday, September 5, 2001 at 11:33:56 am PDT
Attached: Headers.822

------------- Original Message ---------------
To: ismtp@B11WDC-OV08B@Servers["Blackwell, Maggie (HHS/OS)" <MAGGIE.BLACKWELL@hhs.gov>]
Cc: ismtp@B11WDC-OV08B@Servers["Nancy Kerr" <info@bom.state.id.us>], ismtp@B11WDC-OV08B@Servers["Joe McCollum" <jdm@hteh.com>], chang1@INVALID@ADDRESS, Dolores Braun@OCR@SEATTLE
From: "Brent E. Woodfield" <bewoodfield@mediaone.net>
Date: Monday, September 3, 2001 at 9:27:27 am EDT
Attached: Headers.822

Thanks. After almost six years trying to get to this point, I should say something profound, but I am at a loss for words. I am glad this FOIA request/response is finally over. What a mess! It looks like the OCR investigation record that is lost is well preserved at the Idaho Board of Medicine!

Brent E. Woodfield, M.D.
85 Arbutus Trail
Chatham, MA 02633
Cell Phone: (508) 237-5510
Home: (508) 945-7405
Fax: (508) 945-7668
Email: bewoodfield@mediaone.net


--- Original Message -----
From: "Blackwell, Maggie (HHS/OS)" <MAGGIE.BLACKWELL@hhs.gov>
To: "'Brent E. Woodfield'" <bewoodfield@mediaone.net>
Sent: Friday, August 31, 2001 10:38 AM
Subject: RE: Freedom of Information Act: Case No. 98-681MP


> Mr. Woodfield:
>
> That seems to be it. Spoke to Larry Velez, he does not have and has not
> received any additional documents responsive to your request. You may
> proceed as you wish.
>
> Maggie

```
>
> -----Original Message-----
> From: Brent E. Woodfield [mailto:bewoodfield@mediaone.net]
> Sent: Monday, August 27, 2001 11:48 AM
> To: Blackwell, Maggie (HHS/OS)
> Subject: Re: Freedom of Information Act: Case No. 98-681MP
>
>
> 10-4, as they say in the trucking business. Let me know if that is it.
> Thanks!
>
> Brent E. Woodfield, M.D.
> 85 Arbutus Trail
> Chatham, MA 02633
> Cell Phone: (508) 237-5510
> Home: (508) 945-7405
> Fax: (508) 945-7668
> Email: bewoodfield@mediaone.net
>
> ----- Original Message -----
> From: "Blackwell, Maggie (HHS/OS)" <MAGGIE.BLACKWELL@hhs.gov>
> To: <bewoodfield@mediaone.net>
> Cc: "Velez, Larry (HHS/OS)" <Larry.Velez@hhs.gov>
> Sent: Monday, August 27, 2001 11:24 AM
> Subject: RE: Freedom of Information Act: Case No. 98-681MP
>
>
> > I will check with Larry Velez one more time to see if there are any
> > additional documents since August 20th to the present that he has not
> > forwarded to me.  There was nothing on my desk upon my arrival this
> morning
> > pertaining to your request.
> >
> > Maggie
> >
> > -----Original Message-----
> > From: bewoodfield@mediaone.net [mailto:bewoodfield@mediaone.net]
> > Sent: Monday, August 27, 2001 11:14 AM
> > To: Blackwell, Maggie (HHS/OS)
> > Subject: Fw: Freedom of Information Act: Case No. 98-681MP
> >
> >
> >
> > ----- Original Message -----
> > From: Brent E. Woodfield
> > To: Maggie Blackwell
> > Sent: Monday, August 27, 2001 11:09 AM
> > Subject: Freedom of Information Act: Case No. 98-681MP
> >
```

```
>>
>> What's up? Are we through yet?
>>
>> Brent E. Woodfield, M.D.
>> 85 Arbutus Trail
>> Chatham, MA 02633
>> Cell Phone: (508) 237-5510
>> Home: (508) 945-7405
>> Fax: (508) 945-7668
>> Email: bewoodfield@mediaone.net
>>
>>
```