United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| BRENT E. WOODFIELD and LISA W. WOODFIELD, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-12483-NMG |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

MEMORANDUM & ORDER

**GORTON, J.**

In the instant dispute, plaintiffs Brent E. Woodfield, M.D. ("Dr. Woodfield") and Lisa W. Woodfield ("Mrs. Woodfield") bring suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b) and 2671 et seq., alleging a negligent investigation conducted by the Office of Civil Rights ("OCR") within the Department of Health and Human Services ("HHS"). The government now moves the Court to dismiss plaintiffs' complaint for lack of subject matter jurisdiction.

On or about October 20, 1993, Dr. Woodfield filed a complaint with OCR alleging that the Idaho State Board of Medicine violated the Americans with Disabilities Act ("ADA") when it initiated certain actions against him that led to the revocation of his license to practice medicine and perform surgeries in the State of Idaho. On or about October, 1994, OCR

-1-

issued a 21-page Letter of Finding to Dr. Woodfield in which its Region 10 office in Seattle concluded that the Idaho State Board of Medicine had not illegally discriminated against him.  Dr. Woodfield appealed the regional office's decision.  On May 2, 1997, OCR issued a final decision affirming the regional office's decision and informing Dr. Woodfield of its plans to take no further action on his complaint.

More than six years later, on December 3, 2003, plaintiffs filed a claim for damages in the HHS.  Their claim was based on OCR's alleged negligent investigation of Dr. Woodfield's original complaint in 1993.  HHS had not completed its review of the claim when the plaintiffs filed this action on November 23, 2004.  Plaintiffs' complaint alleges negligence (Counts I and II), negligent infliction of emotional distress (Counts III and IV), tortious interference with advantageous or contractual relations (Counts V and VI) and violation of their federal and state civil rights (Counts VII and VIII).

Immediately apparent from a cursory review of the case is plaintiffs' statute of limitations problem.  The FTCA has a strict statute of limitations which "forever bar[s]" a tort claim against the United States "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues".  See 28 U.S.C. § 2401(b).  See also Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997); Corte-Real v. United

States, 949 F.2d 484, 485 (1st Cir. 1991).

In this case, Dr. Woodfield filed his original complaint with OCR on October 20, 1993 and received the final decision on that complaint on May 2, 1997. It was on the latter date that the plaintiffs' claim accrued for purposes of the FTCA. Nevertheless, plaintiffs waited until December 3, 2003, to file their complaint. As a result, plaintiffs' claims (Counts I through VI) are statutorily barred.

Plaintiffs attempt to argue that their claims did not accrue when OCR issued its final decision in 1997 but rather when Dr. Woodfield learned that OCR's investigation was negligent, a revelation plaintiffs claim to have had on or after December 7, 2001. Plaintiffs' argument is undermined by both the law and facts. As to the law, the United States Supreme Court and the First Circuit Court of Appeals have held that a tort claim, with the exception of medical malpractice claims, accrues under the FTCA at the time of a plaintiff's injury, not at the time of plaintiff's discovery of the injury. See United States v. Kubrick, 444 U.S. 111, 119-120 (1979); Cascone v. United States, 370 F.3d 95, 103-04 (1st Cir. 2004); Skwira v. United States, 344 F.3d 64, 73 (1st Cir. 2003).

Even if this Court were to credit plaintiffs' argument that FTCA claims accrue at the time of plaintiffs' discovery, the facts of this particular case still leave them with a statute of

limitations problem. Dr. Woodfield made numerous inquiries of OCR, including a Freedom of Information Act ("FOIA") request, with respect to the investigation of his complaint by OCR. On August 31, 2001, OCR informed Dr. Woodfield by e-mail that he had received all of the documents in response to his FOIA request. On September 3, 2001, Dr. Woodfield responded by e-mail stating, "I am glad this FOIA request/response is finally over." Acknowledging in Septemer, 2001, that he possessed all the information he had requested about the OCR investigation of his complaint, Dr. Woodfield nonetheless waited more than two years from that date to file suit under the FTCA. Thus, even under plaintiffs' convoluted and mistaken theory of claims accrual under the FTCA, their tort claims (Counts I through VI) are statutorily barred.

Plaintiffs' remaining claims involving alleged violations of their federal and state civil rights (Counts VII and VIII) also must be dismissed. The FTCA represents a limited waiver of sovereign immunity by the United States when a claim meets six enumerated and specific elements outlined in the statute. The Supreme Court has held that the FTCA does not permit federal constitutional torts to be brought against the United States. FDIC v. Meyer, 510 U.S. 471, 477-78 (1994). See also Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000). As to plaintiffs' claims under the Massachusetts Civil Rights Act, they are barred

for the same reasons discussed in relation to plaintiffs' tort claims. Thus, Counts VII and VIII will also be dismissed.

## ORDER

In accordance with the foregoing, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 8) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 8, 2005